Citation Nr: 1126167 
Decision Date: 07/12/11 Archive Date: 07/19/11

DOCKET NO. 00-07 233A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Montgomery, Alabama


THE ISSUE

Entitlement to a rating in excess of 20 percent for mechanical low back pain, to include a rating in excess of 10 percent prior to May 9, 2000.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Matthew W. Blackwelder, Associate Counsel





INTRODUCTION

The Veteran served on active duty from June 1979 to July 1991.

This case comes to the Board of Veterans' Appeals (Board) on appeal from RO decisions in January 2000 and October 2000.

In January 2000, the RO issued a decision that, in pertinent part, denied service connection for PTSD, and denied an increased disability rating in excess of 10 percent for service-connected mechanical low back pain (although this rating was subsequently increased to 20 percent by an October 2000 rating decision). 

The RO's October 2000 RO decision also denied service connection for bilateral shoulder disorders. 

In June 2009, the Board remanded the Veteran's back claim primarily to comply with the duty to notify. As part of the remand instructions, the Board directed that the Veteran be scheduled for an additional VA examination. The reasoning was that the last examination was too old to provide an accurate measure of the current condition of the Veteran's back. The RO scheduled the Veteran for an examination, but the Veteran failed to report and has not provided any good cause for his absence.

In general when entitlement or continued entitlement to a benefit cannot be established or confirmed without a current VA examination or reexamination and a claimant, without good cause, fails to report for such examination in conjunction with a claim for increase, the claim shall be denied. See 38 C.F.R. § 3.655. Examples of good cause include, but are not limited to, the illness or hospitalization of the claimant, death of an immediate family member, etc. 
 
In this case, the Veteran has not provided any good cause for his failure to report to his scheduled VA examination. The Veteran's representative argued that the Veteran may have good cause for his absence, but this is too speculative to allow for a finding of good cause. The Veteran's representative also argued that the examination was not essential to the evaluation of the Veteran's claim. The Board notes that two VA examinations have already been provided during the course of the Veteran's appeals, as such, while this is a claim for an increase, it would be inaccurate to state that the Board cannot rate the Veteran's back disability without a current VA examination. As such, the Board will endeavor to adjudicate the Veteran's claim for an increase, rather than dismissing it.


FINDINGS OF FACT

1. The medical evidence supports a 20 percent rating as of the date the Veteran's claim was received.

2. The medical evidence fails to show listing of the whole spine to the opposite side, positive Goldthwaite's sign, marked limitation of forward bending in the standing position, loss of lateral motion with osteo-arthritic changes, or narrowing or irregularity of joint space, or some of the above with abnormal mobility on forced motion.

3. The range of motion in the Veteran's lumbar spine exceeds 30 degrees, even accounting for pain and other functional limitation; and the totality of evidence shows that the Veteran has at most moderate limitation of motion in his lower back.

4. No objective evidence of a neurological deficit was shown by the medical evidence of record.

5. The evidence fails to show severe intervertebral disc syndrome (IVDS) with only intermittent relief.

6. The evidence fails to show any bed rest has been prescribed to treat the Veteran's lower back disability.



CONCLUSION OF LAW

The Veteran met the criteria for a 20 percent rating for his back February 12, 1999, but the criteria for a rating in excess of 20 percent for a lower back disability have not been met. 38 U.S.C.A. § 1155 (West 1991); 38 C.F.R. §§ 4.1, 4.2, 4.7, 4.71a, DCs 5292, 5293, 5295 (1999); 38 U.S.C.A. § 1155 (West 2002); 38 C.F.R. § 4.71a, DCs 5237, 5243 (2010).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Increased Rating

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C.A. § 1155; 38 C.F.R., Part 4. Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of the appellant working or seeking work. 38 C.F.R. § 4.2. Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7.

The Board notes that while the regulations require review of the recorded history of a disability by the adjudicator to ensure an accurate evaluation, the regulations do not give past medical reports precedence over the current medical findings. Where an increase in the disability rating is at issue, the present level of the veteran's disability is the primary concern. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). It is also noted that staged ratings are appropriate for an increased rating claim whenever the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. See Hart v. Mansfield, 21 Vet. App. 505 (2007).

The Veteran's lower back disability is currently rated at 20 percent under 38 C.F.R. § 4.71a, DC 5237. The Veteran's back was initially rated at 10 percent before being increased to 20 percent, effective May 9, 2000.

The procedural history in this case is somewhat murky in that the Veteran did not expressly file to reopen his back claim. The Veteran informed the RO in December 1997 that he was going back on active duty and his benefits were discontinued. In February 1999, the Veteran submitted a letter indicated that he had been discharged from active duty on October 23, 1998 and he wished to have his claim reopened to continue his 10 percent (which was the amount assigned for his service connected back disability at that time)(it is noted that the Veteran subsequently informed VA that he in fact had not entered active duty during that period, but rather had taken a physical in an effort to enlist in the Army Reserves). It appears that based on this letter, the RO initiated a new claim in the sense that they determined that it was necessary to reevaluate the Veteran's service connected back condition to ensure that it was appropriately rated. The Veteran's claim was denied by a January 2000 rating decision. The Veteran perfected an appeal, and the RO then scheduled him for a VA examination in May 2000; and based on this examination, they increased the disability rating for his back from 10 to 20 percent.

In reviewing the evidence of record, the Veteran's last VA examination prior to May 2000 took place in September 1994. While few treatment records were submitted between the examinations in 1994 and 2000, it is clear that for rating purposes, the 1994 examination was too remote to provide an accurate picture of the Veteran's lower back disability. As such, it was incumbent upon the RO to obtain an additional examination, which the RO eventually did; and the VA examination showed that the Veteran warranted a higher rating. The RO assigned the correct higher rating, but the effective date for the increase was made the day of the Veteran's VA examination, leaving him at the lower 10 percent rating for the first approximately fifteen months of his appeal. The Board finds no fault on the part of the Veteran in delaying the examination and therefore he should not be penalized for the delay in providing the examination. As such, because the first examination provided after the Veteran filed a claim seeking an increased rating showed medical evidence which justified a higher rating, the effective date of the increased rating should be the date the Veteran's claim was received, February 12, 1999; and to this extent, the Veteran's claim is granted.

During the course of the Veteran's appeal, the regulations for rating disabilities of the spine were revised effective September 26, 2003. 68 Fed. Reg. 51,456 (Aug. 27, 2003). All applicable versions of the rating criteria have been considered, but the new criteria may only be applied as of their effective date (i.e., at no earlier date). See VAOPGCPREC 3-2000.

At the time the Veteran's claim was received in 1999, ratings for disabilities of the back were assignable under several different diagnostic codes. Under 38 C.F.R. § 4.71a, DC 5292, 10, 20 and 40 percent ratings were assigned depending on whether the limitation of motion of the lumbar spine was slight, moderate, or severe respectively. No definition was provided for "slight", "moderate", or "severe". However, when the new regulations came into effect in 2003, they provided numerical ranges of normal motion, which can provide guidance in interpreting words such as slight. Normal motion has been defined by the revised regulations as forward flexion of the thoracolumbar spine from zero to 90 degrees, extension from zero to 30 degrees, left and right lateral flexion from zero to 30 degrees, and left and right lateral rotation from zero to 30 degrees. The combined range of motion refers to the sum of the range of forward flexion, extension, left and right lateral flexion, and left and right rotation, and the normal combined range of motion of the thoracolumbar spine is 240 degrees. See 38 C.F.R. § 4.71a, General Rating Formula for Diseases and Injuries of the Spine, Note (2).

Under 38 C.F.R. § 4.71a, DC 5293 for intervertebral disc syndrome (IVDS), a 10 percent rating was assigned when there was evidence of mild intervertebral disc disease, a 20 percent rating was assigned when there was evidence of moderate intervertebral disc disease with recurring attacks; a 40 percent rating was assigned when there was evidence of intervertebral disc disease which was severely disabling with recurring attacks and intermittent relief; and a 60 percent rating was assigned when there was evidence of pronounced intervertebral disc disease with persistent symptoms compatible with sciatic neuropathy with characteristic pain and demonstrable muscle spasm, absent ankle jerk, or other neurological findings appropriate to the site of the diseased disc with little intermittent relief. 

Under 38 C.F.R. § 4.71a, DC 5295, a 10 percent rating was assigned when there was characteristic pain on motion; a 20 percent evaluation was assigned when there was evidence of muscle spasm on extreme forward bending, loss of lateral spine motion, unilateral, in the standing position; and a 40 percent rating was assigned when there was evidence of a listing of the whole spine to the opposite side, positive Goldthwaite's sign, marked limitation of forward bending in the standing position, loss of lateral motion with osteo-arthritic changes, or narrowing or irregularity of joint space, or some of the above with abnormal mobility on forced motion. 

During the course of the Veteran's appeal, the regulations for IVDS were revised. IVDS is now evaluated either on the total duration of incapacitating episodes over the past twelve months or by combining separate evaluations of its chronic orthopedic and neurologic manifestations along with evaluations for all other disabilities, whichever method results in the higher rating. 38 C.F.R. § 4.71a, Diagnostic Code 5293. 

Effective September 26, 2003, the rating criteria applicable to diseases and injuries of the spine under 38 C.F.R. § 4.71a were amended by VA. These amendments included the changes made to the criteria used to evaluate IVDS, which had become effective in the previous year. 68 Fed. Reg. 51,454 (Aug. 27, 2003). The criteria for evaluating IVDS were essentially unchanged from the September 2002 revisions, except that the diagnostic code for IVDS was changed from 5293 to 5243. 38 C.F.R. § 4.71a, Diagnostic Code 5243. 

Specifically, the September 2002 intervertebral disc syndrome changes which were incorporated into the September 2003 amendments stipulate that intervertebral disc syndrome (preoperatively or postoperatively) will be evaluated under the General Rating Formula for Diseases and Injuries of the Spine or under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes, whichever method results in the higher evaluation when all disabilities are combined under § 4.25. According to the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes: 

A 10 percent rating is assigned when a Veteran has incapacitating episodes having a total duration of at least one week, but less than two weeks, during the past twelve months; a 20 percent rating is assigned when a Veteran has incapacitating episodes with a total duration of at least two weeks, but less than four weeks, during the past twelve months; a 40 percent rating is assigned when a Veteran has incapacitating episodes with a total duration of at least four weeks, but less than six weeks, during the past twelve months; and a 60 percent rating is assigned when a Veteran has incapacitating episodes with a total duration of at least six weeks during the past twelve months.

An incapacitating episode is a period of acute signs and symptoms due to IVDS that requires bed rest prescribed by a physician and treatment by a physician. Additionally, if intervertebral disc syndrome is present in more than one spinal segment, provided that the effects in each spinal segment are clearly distinct, each segment will be evaluated on the basis of incapacitating episodes or under the General Rating Formula for Diseases and Injuries of the Spine, whichever method results in a higher evaluation for that segment. 

Under the General Rating Formula for Diseases and Injuries of the Spine, a rating for IVDS may alternatively be assigned based on the loss of motion that is caused by a back disability:

A 10 percent rating is assigned when forward flexion of the thoracolumbar spine greater than 60 degrees, but not greater than 85 degrees, when the combined range of motion of the thoracolumbar spine greater than 120 degrees, but not greater than 235 degrees; when there is muscle spasm, guarding, or localized tenderness not resulting in abnormal gait or abnormal spinal contour; or when there is vertebral body fracture with loss of 50 percent of more of height. 

A 20 percent rating is assigned when forward flexion of the thoracolumbar spine is greater than 30 degrees, but not greater than 60 degrees; when the combined range of motion of the thoracolumbar spine not greater than 120 degrees; or when there is muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis.

A 40 percent rating is assigned when forward flexion of the thoracolumbar spine is restricted to 30 degrees or less, or when there is favorable ankylosis of the entire thoracolumbar spine.

A 50 percent rating is assigned when there is unfavorable ankylosis of the entire thoracolumbar spine; while a 100 percent rating is assigned when there is unfavorable ankylosis of the entire spine. 

The revised regulations also direct that any associated objective neurologic abnormalities, including, but not limited to, bowel or bladder impairment, should be evaluated separately under an appropriate diagnostic code. 

In May 2000, the Veteran underwent a VA examination which found evidence of muscle spasms and loss of lateral spine motion. The Veteran stated that he took Motrin for back pain, and he reported that bending and lifting were painful. The Veteran demonstrated forward flexion from 0-60 degrees, extension to 25 degrees, bilateral lateral flexion and rotation to 35 degrees each. The Veteran had pain at 60 degrees of flexion and 25 degrees of extension. Muscle spasms were noted in the Veteran's lower paraspinals. X-rays showed lumbar instability. 

Based on the findings at this examination, the rating for the Veteran's back disability was increased from 10 to 20 percent. However, as described below, the evidence fails to show that a rating in excess of 20 percent is warranted. 

Since May 2000, the Veteran has received limited treatment for his back. Treatment records from September 2002, July 2003, January 2004, July 2004 and February 2005 all showed no tenderness on palpation of the spine and normal deep tendon reflexes. 

The Veteran underwent a VA examination in February 2005 at which he reported constant lower back pain. The Veteran reported being very inactive and asserting that he sat in a chair for most days. The examiner stated that the Veteran did not have muscle spasms in his back, and a neurologic examination revealed no focal deficits. The Veteran demonstrated forward flexion from 0-45 degrees without pain, and could flex to 55 degrees with pain. The Veteran had a normal gait, and he could sit and rise without problem. X-rays of the Veteran's spine were normal. The examiner opined that the Veteran's lumbar strain caused mild functional loss.

With regard to range of motion, the Veteran has demonstrated pain free forward flexion to at least 45 degrees on both occasions it has been tested during the course of his appeal. As such, the Board concludes that a rating in excess of 20 percent is not warranted under either the old criteria, as 45 degrees of pain free motion is not considered to be severe limitation of motion; or the revised regulations, as 45 degrees of pain free forward flexion does not approach the 30 degree limit on forward flexion imposed by the revised regulations for a rating in excess of 20 percent based on limitation of motion. 

In reaching this conclusion, the Board has considered whether a higher disability evaluation is warranted on the basis of functional loss due to pain or due to weakness, fatigability, incoordination, or pain on movement of a joint under 38 C.F.R. §§ 4.40 and 4.45. See also DeLuca v. Brown, 8 Vet. App. 202 (1995). Functional loss contemplates the inability of the body to perform the normal working movements of the body with normal excursion, strength, speed, coordination and endurance, and must be manifested by adequate evidence of disabling pathology, especially when it is due to pain. 38 C.F.R. § 4.40. A part that becomes painful on use must be regarded as seriously disabled. Id.; see also DeLuca. In this case, at VA examinations in 2000 and 2005 the Veteran demonstrated pain free motion to well beyond what would be required for a higher rating. Additionally, the examiners found that repetitive motion did not further reduce the Veteran's range of motion. In 2005, the examiner stated that the Veteran's back disability caused only mild functional limitation. As such, while it is not disputed that the Veteran has pain in his lower back, which does limit his range of motion, it is not to such a degree as to warrant a rating in excess of 20 percent.

The revised regulations also require that any neurological manifestations of back pain be considered. However, the evidence fails to show any neurologic manifestations. Treatment records from September 2002, July 2003, January 2004, July 2004 and February 2005 showed normal neurologic findings, including normal deep tendon reflexes; and no focal deficits were revealed at a neurologic examination in February 2005. As such, no evidence has been presented to suggest that the Veteran has any neurologic disability associated with his back disability; and therefore an additional rating is not warranted for neurologic impairment.

Evidence of disc disease has similarly not been shown, and therefore a higher rating is not available under the rating criteria for intervertebral disc syndrome. For example, x-rays were interpreted as normal at the Veteran's VA examination in 2005.

A 40 percent rating could also be assigned under DC 5295 if there were a showing of a severe lumbosacral strain with listing of the whole spine to the opposite side, positive Goldthwaite's sign, marked limitation of forward bending in the standing position, loss of lateral motion with osteo-arthritic changes, or narrowing or irregularity of joint space, or some of the above with abnormal mobility on forced motion. However, there is no indication that the Veteran's back strain is severe. Treatment records routinely found his back to be nontender; he demonstrated considerable pain free motion; and there is no evidence that the Veteran's back lists to either side or that there is a positive Goldthwaite's sign. Additionally, while the Veteran has some limitation of forward flexion, as noted above, it was found to be at most moderate, which falls well short of "marked" limitation of forward bending which would be required for a higher rating. There has also been no showing of osteoarthritic changes as x-rays in both 2000 and 2005 were normal. As such, a rating in excess of 20 percent is not warranted under DC 5295.

Additional VA treatment records were received following the Board's remand in 2009, but these records fail to describe back symptoms that would warrant a higher rating at any time during the course of the Veteran's appeal.

Therefore, the evidence fails to show that a rating in excess of 20 percent is warranted for the Veteran's back disability, and to that extent his claim is denied.

II. Duties to Notify and Assist 

Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). 
 
Notice must be provided to a claimant before the initial unfavorable agency of original jurisdiction (AOJ) decision on a claim for VA benefits and must: (1) inform the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the claimant about the information and evidence that VA will seek to provide; and (3) inform the claimant about the information and evidence the claimant is expected to provide. Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II). With respect to service connection claims, a section 5103(a) notice should also advise a claimant of the criteria for establishing a disability rating and effective date of award. Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 486 (2006). 

In the present case, required notice was provided by a letter dated in July 2009, which informed the Veteran of all the elements required by the Pelegrini II Court as stated above. The letter also informed the Veteran how disability ratings and effective dates were established. Under these circumstances, the Board finds that the notification requirements of the VCAA have been satisfied as to both timing and content. 

The Board finds that any defect concerning the timing of the notice requirement was harmless error. Although the notice provided to the Veteran was not given prior to the first adjudication of the claim, the Veteran has been provided with every opportunity to submit evidence and argument in support of his claim and ample time to respond to VA notices. See Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, 444 F.3d 1328 (Fed. Cir. 2006). Additionally, the Veteran's claim was readjudicated following completion of the notice requirements.
 
As to VA's duty to assist, the Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). VA treatment records have been obtained as have Social Security Administration (SSA) records, and the Veteran has not alleged receiving any private treatment for his back. Additionally, the Veteran was offered the opportunity to testify at a hearing before the Board, but he declined.

The Veteran was also provided with several VA examinations (the reports of which have been associated with the claims file). The Board finds the VA examinations were thorough and adequate and provided a sound basis upon which to base a decision with regard to the Veteran's claim. The VA examiner personally interviewed and examined the Veteran, including eliciting a history from him, and provided the information necessary to evaluate his disability. Additionally, in June 2009, the Board remanded the Veteran's claim to obtain an updated VA examination. Unfortunately, the Veteran failed to report, without providing any good cause for his absence, and therefore his claim is being rated based on the evidence of record.

VA has satisfied its duties to notify and assist, and additional development efforts would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). Because VA's duties to notify and assist have been met, there is no prejudice to the Veteran in adjudicating this appeal.
 





ORDER

A 20 percent rating for a lower back disability is granted, effective February 12, 1999, subject to the laws and regulations governing the award of monetary benefits. 

A rating in excess of 20 percent for a lower back disability is denied. 


____________________________________________
J. A. MARKEY
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs